UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO DURAND,<br><br>       Plaintiff,<br> v.<br>MUARO,<br><br>       Defendant. | Case No. 3:22-cv-00406-ART-CLB<br><br>ORDER |

*Pro se* Plaintiff Roberto Durand brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. (ECF No. 1-1). On September 12, 2022, this Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before November 14, 2022. (ECF No. 3). The Court warned Plaintiff that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis*, including an inmate account statement for the previous six-month period, or pay the full $402 filing fee by that deadline. (*Id.* at 2-3). The November 14, 2022 deadline expired and Plaintiff did not file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee.

  Because Plaintiff submitted several incomplete applications to proceed *in forma pauperis*, the Court considered meaningful alternatives to dismissal and issued another order granting Plaintiff one final opportunity to submit an inmate account statement for the previous six-month period on or before December 21, 2022. (ECF No. 7). That deadline expired and Plaintiff still has not filed an inmate account statement for the previous six-month period or paid the full $402 filing fee. Nor has he asked for an extension of time to submit the required documents. Instead, Plaintiff filed two more incomplete applications to proceed *in forma pauperis*. (ECF Nos. 8, 9).

## I. DISCUSSION

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,

992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

Because this action cannot realistically proceed until and unless Plaintiff either files a fully complete application to proceed *in forma pauperis* or pays the $402 filing fee, the only alternative is to enter a third order setting another deadline. But the reality of repeating two previous orders is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. In both of its previous orders, the Court instructed Plaintiff that he must file an inmate account statement for the previous six-month period. (ECF Nos. 3, 7). Following the Court's latest order, Plaintiff did not file a request for an extension of time or indicate that he was having difficulty securing an inmate account statement for the past six months. Instead, Plaintiff ignored the Court's order and filed two incomplete applications to proceed *in forma pauperis*. (ECF Nos. 8, 9). Setting a third deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

**II.   CONCLUSION**

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a fully complete

application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this Court's September 12, 2022, and November 21, 2022, orders. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that Plaintiff's pending motions (ECF Nos. 4, 5, 6, 8, 9) are denied as moot.

DATED THIS 6th day of January 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE